## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

AARON THOMAS,

        Petitioner,

v.                                CIVIL ACTION NOS.  2:11-cv-00931
                                                                  2:11-cv-00992
                                         (CRIMINAL NO.      2:94-cr-00169)

UNITED STATES OF AMERICA,

        Respondent.

### MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court are four matters: (1) Petitioner's Motion for Reduction of Sentence Pursuant to 28 U.S.C. § 2241 [Docket 136];[1] (2) Petitioner's Writ of Audita Querela [Docket 148]; (3) the Court's sua sponte order for consideration of Petitioner's eligibility for a reduction in his sentence pursuant to the 2011 amendments to the United States Sentencing Guidelines [Docket 154]; and (4) Petitioner's Motion Requesting Appointment of Counsel [Docket 157]. The former two motions were referred to United States Magistrate Judge Mary E. Stanley for submission to this Court of proposed findings of fact and recommendation for disposition ("PF&R"), pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Stanley treated the § 2241 motion as a motion brought pursuant to 28 U.S.C. § 2255, and she recommended denying both motions in separate PF&Rs submitted on November 29, 2011, and January 6, 2012, respectively. (Dockets 144, 151.) Petitioner filed timely objections to the PF&Rs. For the

---

[1] All docket references are to Petitioner's criminal action, Case No. 2:94-cr-00169. Many of the filings are also cross-docketed in one or both of his pending civil actions.

reasons that follow, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the PF&Rs, and **DISMISSES** the above-styled civil actions from the Court's docket.  Further, after considering the responses of the Federal Public Defender and the United States, the Court **FINDS** that Petitioner is ineligible for a reduction pursuant to the 2011 amendment to the United States Sentencing Guidelines.  Finally, because Petitioner has not been granted a certificate to file a successive § 2255 motion, the Court **DENIES** the motion for appointment of counsel.

## I.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

Acting on a tip from a confidential informant, police arrested Petitioner Aaron Thomas[2] ("Petitioner") at the Greyhound bus station in Charleston, West Virginia, in possession of 118 grams of cocaine base and traveling with a juvenile companion who was armed with a 9 mm handgun.  On June 7, 1995, Petitioner was sentenced to a term of 300 months' imprisonment for distributing cocaine base in violation of 21 U.S.C. § 841(a)(1).  (Docket 32.)  Upon release from custody, he will serve a five-year term of supervised release.  Petitioner's Presentence Investigation Report ("PSR") reveals that he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 of the then-current guidelines manual.

As summarized by Magistrate Judge Stanley, Petitioner has an extensive post-conviction filing record.  Petitioner's direct appeal challenged the sentencing court's decision not to depart downward and the sufficiency of the Rule 11 hearing.  *See United States v. Thomas*, 87 F.3d 1309, 1996 WL 308306 (4th Cir. 1996) (unpublished table decision).  The direct appeal was unsuccessful.  On April 18, 1997, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 challenging his sentence.  (Docket 50.)  The motion was denied (Dockets 59, 60) and his appeal

---

[2] Petitioner's Presentence Investigation Report indicates that his true name is Kenny Murphy.  For purposes of this memorandum opinion and order, he will be referred to as either "Petitioner" or "Mr. Thomas."

was unsuccessful. *See United States v. Thomas*, 153 F.3d 724, 1998 WL 433160 (4th Cir. 1998) (unpublished table decision). Petitioner filed a second motion pursuant to 28 U.S.C. § 2255 on May 19, 2000. (Docket 75.) The motion was dismissed as successive (Dockets 81, 83) and the Fourth Circuit denied his motion for authorization to seek successive relief. (Docket 86.) Petitioner filed a third motion pursuant to 28 U.S.C. § 2255 on October 15, 2003, arguing his sentence was inappropriately enhanced without a timely filed notice under 21 U.S.C. § 851. (Docket 92.) The motion was dismissed as successive and without merit (Docket 99), and Petitioner's appeal was dismissed. *See United States v. Thomas*, 86 F. App'x 642, 2004 WL 233304 (4th Cir. 2004). On April 3, 2008, in the wake of 2007 amendments concerning crack cocaine, Petitioner filed a motion for retroactive application of the sentencing guidelines pursuant to 18 U.S.C. § 3582(c). (Docket 124.) The district court determined Petitioner to be ineligible for a reduction in sentence because he was not sentenced pursuant to an amended drug guideline; rather, he was sentenced pursuant to the career offender guideline, to which there had been no amendment. (Docket 129.) Petitioner sought reconsideration of the decision, which was denied on September 4, 2008. (Docket 133.)

On January 26, 2009, while incarcerated at USP Hazleton, Petitioner assaulted a female correctional officer during a search of his cell. He was convicted after a bench trial before the Honorable Irene M. Keeley and sentenced to an additional 108 months' imprisonment.[3] Petitioner challenged his convictions in the Fourth Circuit, and he was again unsuccessful. *See United States v. Thomas*, 669 F.3d 421 (4th Cir. 2012).

---

[3] More specifically, the district court sentenced Thomas to 96 months' imprisonment on count one of the indictment and 108 months' imprisonment on count two of the indictment, which charged different violations of the federal officer assault statute. The two assault sentences were ordered to be served concurrently with one another and consecutively to his pending 300-month sentence for drug trafficking.

On November 14, 2011, and December 15, 2011, respectively, Petitioner filed a motion pursuant to 28 U.S.C. § 2241 and a petition for a writ of audita querela, both challenging the district court's application of the career offender enhancement. (Dockets 136, 148.) In separate PF&Rs, Magistrate Judge Stanley recommended dismissing both motions as without merit and procedurally barred. Timely objections were filed, and the Court now addresses each motion in turn.

## II.  MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 28 U.S.C. § 2241

On November 14, 2011, Petitioner filed a document captioned "Motion for Reduction of Sentence Pursuant to 28 U.S.C. § 2241." (Docket 136.) The document seeks retroactive application of Amendment 742 to the United States Sentencing Guidelines, generally referred to as the "recency points" provision of criminal history point calculations under the guidelines. Prior to the amendment, which took effect November 1, 2010, one or two points were added to a defendant's criminal history point calculation if the offense of conviction was committed within two years of being released from a term of imprisonment of at least sixty days. *See, e.g.*, U.S.S.G. § 4A1.1(d) (1994). Despite Petitioner's contentions, however, the Sentencing Commission did not designate Amendment 742 for retroactive application. *See* U.S.S.G. § 1B1.10(c); *see also United States v. Dunphy*, 551 F.3d 247, 249 n. 2 (4th Cir. 2009) ("A guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10(c).").

In analyzing Petitioner's November 14, 2011 motion, Magistrate Judge Stanley correctly determined that the Southern District of West Virginia does not possess jurisdiction over Petitioner's custodian for purposes of granting relief pursuant to 28 U.S.C. § 2241, even if the

4

Court were so inclined. Petitioner is incarcerated in USP McCreary, located in Kentucky. Because this Court possesses no jurisdiction over Petitioner's custodian, it is incapable of addressing the merits of a motion brought pursuant to § 2241. *See United States v. Poole*, 531 F.3d 263, 270-71 (4th Cir. 2008) ("[A] district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian."). The Magistrate Judge also correctly determined that, if construed as a motion brought under 28 U.S.C. § 2255, the filing is successive and Petitioner has not been granted a certificate from the court of appeals to file another such motion. *See* 28 U.S.C. § 2255(h) (district court may consider second or successive § 2255 motion only upon specific certification from court of appeals).

Finally, if deemed a motion pursuant to 18 U.S.C. § 3582(c), then Petitioner's filing must also fail. As stated, the Sentencing Commission did not designate Amendment 742 for retroactive application, and this Court is therefore unable to grant Petitioner that relief. *See* U.S.S.G. § 1B1.10(c) (listing covered amendments but omitting Amendment 742); *see also* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). In summation, then, to the extent the Court may consider the November 11 filing at all, the motion [Docket 136] must be and hereby is **DENIED**.[4]

---

[4] Petitioner filed objections to Magistrate Judge Stanley's PF&R addressing this motion. However, the objections pertain exclusively to the portion of the PF&R that recommends denying other relief requested by Petitioner in a letter to the Court, dated November 23, 2011, and are addressed elsewhere in this opinion. *See infra*, part IV.

### *III. WRIT OF AUDITA QUERELA*

On December 15, 2011, Petitioner filed a document captioned "Writ of Audita Querela 'Motion' to Reduce or Correct Sentence 'New Evidence Rule'". (Docket 148.) In this document, Petitioner contends that he is eligible for a sentence reduction based on the United States Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), and the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). Petitioner relies on these decisions to claim that he no longer qualifies as a career offender. Magistrate Judge Stanley determined that the writ of audita querela was not available to Petitioner because his claims could have been brought pursuant to 28 U.S.C. § 2255. She nonetheless reviewed Petitioner's claims and concluded that they fail on their merits. This Court upholds her decision in both respects.

In *Simmons,* the Fourth Circuit relied on *Carachuri-Rosendo* to hold that for a prior conviction to serve as a predicate felony offense under the Controlled Substances Act ("CSA"), the defendant must have been convicted of an offense for which he was personally punishable by a sentence of imprisonment in excess of one year—regardless of the maximum punishment that a hypothetical "worst case" defendant could receive. 649 F.3d at 241. The Fourth Circuit's reasoning cannot be divorced from the non-discretionary nature of North Carolina's Structured Sentencing scheme. Under that scheme, a felony conviction is contingent on both the "class of offense" and the offender's "prior record level." *Id.* at 240 (citing N.C. Gen. Stat. § 15A-1340.13(b)). The defendant's prior offense was punishable as a felony only if the State proved both the existence of certain aggravating factors and demonstrated that the offender had a prior record level of at least five. *Id.* at 241. If the State failed to satisfy these conditions, as indeed it

did in the *Simmons* case, the offender could "*never* receive more than one year's imprisonment." *Id.* (citing N.C. Gen. Stat. § 15A-1340.17(c)(d)).

The *Simmons* defendant had not been convicted of a prior felony offense. *Id.* at 248. Under North Carolina law, the class of his offense and his prior record level restricted his maximum sentence to eight months' community punishment. *Id.* at 241. Nonetheless, the federal sentencing court determined that his prior state conviction "was for an offense 'punishable by imprisonment for more than one year,' triggering a sentencing enhancement under the Controlled Substances Act." *Id.* at 239. It had arrived at this conclusion by considering not the term of imprisonment to which the defendant had personally been exposed, but "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." *Id.* at 241. The Fourth Circuit rejected this hypothetical approach, reasoning that the maximum potential sentence the defendant faced for his offense depended on his *actual* criminal history. *Id.* at 244.

Citing *Simmons*, Petitioner asserts that "[m]y state criminal history record will reflect the lack of predicates needed for enhancement and should constitute an immediate release from custody." A review of that criminal history record demonstrates that Petitioner is not entitled to the relief he seeks. Under the sentencing guidelines in effect at the time of Petitioner's 1995 conviction,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B 1.1(a) (1994). A prior felony conviction is defined, in relevant part, as "a prior

adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." *Id.* § 4B1.2, cmt. n. 1. A controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b).

At issue here is whether each of Petitioner's Michigan convictions was for an offense punishable by imprisonment for a term exceeding one year. Under the guidance of *Simmons*, the offense of conviction is the "starting place". 649 F.3d at 242 (citing *Carachuri*, 130 S.Ct. at 2586). The Court looks to the sentence which could have been imposed at the time of Petitioner's conviction, without regard to the actual sentence imposed. *Id.* at 243. Prior to his 1995 conviction, Petitioner's PSR reveals that he had two prior controlled substance offenses which were each punishable by imprisonment for a term exceeding one year. He was arrested in 1992 at age 18 for delivery of less than 50 grams of cocaine. He was sentenced to serve 90 to 120 days in custody, followed by lifetime probation with the first year on electronic monitoring. No. 92-9615-2, Recorders Court, Detroit, Michigan, PSR ¶ 33. Petitioner was arrested for the same offense in 1993 at age 19, and sentenced in 1994 to 90 to 120 days in custody with lifetime probation. No. 93-7582, Recorders Court, Detroit, Michigan, PSR ¶ 34.

At the time of his convictions, then-current Michigan law provided that delivery of less than 50 grams of cocaine was punishable by a maximum term of imprisonment of 20 years. *See* Mich. Comp. Laws § 333.7401(2)(a)(iv) (1989); (Docket 152 at 8). This being the case, the maximum sentence that Petitioner personally could have received exceeded twelve months.

Petitioner's prior convictions each qualify as a predicate for the career offender enhancement because with each one, he was both charged with and convicted of an offense punishable by a term of imprisonment in excess of one year. The fact that Petitioner was sentenced to only 90 to 120 days' imprisonment is irrelevant. Based on the offense of his 1992 and 1994 convictions, Petitioner's arguments are unfounded and his reliance on *Carachuri-Rosendo* and *Simmons* is misplaced.

Furthermore, Petitioner cannot obtain relief through an audita querela writ. Audita querela is not available to raise claims that could have been raised through a motion to vacate sentence under § 2255. *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). Further, the remedy provided by § 2255 is not rendered inadequate merely because Petitioner is subject to a procedural bar. *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc). Styling the motion as another type of proceeding does not permit Petitioner to evade the statutory requirements governing successive § 2255 motions. *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (reasoning that prisoners cannot circumvent the limitations on successive motions by attaching other labels to their pleadings). This Court construes Petitioner's motion for a writ of audita querela as equivalent to one under § 2255. Petitioner has filed a prior § 2255 motion, and must first obtain leave from the court of appeals to file a successive motion. 28 U.S.C. § 2255(h). His petition for a writ of audita querela [Docket 148] is hereby **DENIED**.

### IV. *MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 28 U.S.C. § 3582*

On November 23, 2011, Petitioner sent a letter to the Court seeking application of both the 2007 and 2011 crack cocaine amendments. (Docket 142.) Pursuant to standard practice in

this district, the Court previously issued sua sponte orders directing the United States Attorney and the Federal Public Defender to address Petitioner's eligibility for a reduction under each of the two amendments Petitioner cites. (Dockets 126, 154.) Additionally, Petitioner filed a letter-form motion for retroactive application of the 2007 crack cocaine amendment on February 12, 2008. (Docket 123.) By Order entered July 18, 2008, the Court denied Petitioner's § 3582(c) motion as to the 2007 crack amendment because "[t]he Defendant was sentenced as a career offender," and "his sentencing range [was] unchanged as a result of the November 1, 2007, Sentencing Guidelines amendment . . . ." (Docket 129 at 1.) In the pending letter, Petitioner maintains that he was unlawfully sentenced as a career offender because the Government failed to file an information pursuant to 21 U.S.C. § 851 to enhance the penalties to which Petitioner could be exposed.[5] (Docket 142 at 1.) In Petitioner's view, Chief Judge Haden exercised his discretion in applying the career offender guideline to this case, and Petitioner asks this Court to reduce his sentence pursuant to the 2007 and 2011 crack amendments in a similar act of discretion.

Petitioner is mistaken about the nature of the career offender guideline, and indeed the Sentencing Guidelines and amendments thereto as a whole. Petitioner's argument presumes that the Government was required to comply with the § 851(a)(1) notice requirement before his prior convictions could be used to classify him as a career offender and increase his sentence under the Guidelines. Section 851(a)(1) states that:

> [n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an

---

[5] As explained in Section I, *supra*, Petitioner raised identical arguments in a prior § 2255 motion. (Docket 92.) This motion was dismissed as successive and without merit. (Docket 99). His contentions lack merit now as they did then, but the Court again responds to Petitioner's concerns in hopes of putting to rest a perceived injustice that has apparently been troubling Petitioner for years.

information with the court . . . stating in writing the previous convictions to be relied upon.

Petitioner interprets the unequivocal language of this statute to mean that an information must have been filed before his prior convictions could be used to increase his sentence. Section 851's requirements, however, do not extend to enhancements under the Sentencing Guidelines. *See United States v. Foster*, 68 F.3d 86, 89 (4th Cir. 1995). Instead, § 851 is limited to situations in which the convicted defendant's *statutory* minimum or maximum penalty is enhanced, and does not apply "when a defendant receives an enhanced sentence as a career offender under the Guidelines, so long as the enhanced sentence is still with[in] the permissible statutory range."[6] *Young v. United States*, 936 F.2d 533, 535-36 (11th Cir. 1991) (citing *United States v. Wallace*, 895 F.3d 487, 490 (8th Cir. 1990)).

For this reason, a sentencing court's use of the § 4B1.1 career offender guideline is not conditioned upon the filing of a § 851 information. Regardless of whether the Government files a § 851 information, the career offender guideline requires the court to use a base offense level corresponding to the unenhanced (meaning unenhanced by § 851) offense statutory maximum. U.S.S.G. § 4B1.1(b). At the time of Petitioner's conviction, the offense to which he pleaded— possession with intent to distribute 118 grams of cocaine base—provided for an unenhanced statutory maximum penalty of life imprisonment.[7] *See* Fair Sentencing Act of 2010, Pub. L. No.

---

[6] As an example, the current version of 21 U.S.C. § 841(b)(1)(A) increases the statutory minimum penalty from 10 years to 20 years if the defendant is sentenced "after a prior conviction for a felony drug offense has become final."

[7] Though the indictment charged Petitioner with possession with intent to distribute "a quantity" of cocaine base, Petitioner admitted at the plea hearing that he was arrested with 118 grams of crack cocaine in his possession. (Docket 40 at 12.) In his plea agreement, Petitioner acknowledged that this quantity exposed him to a term of imprisonment of not less than 10 years nor more than life. (Docket 25 at 1.) Since the United States Supreme Court's decision in *Apprendi v. New* Jersey, 530 U.S. 466 (2000), the Government may not charge, as it did here, an unspecified quantity of a controlled substance in the indictment and then argue later in the proceedings for an enhanced sentence based on a drug quantity that triggers a higher maximum statutory penalty. *Apprendi* held that "[o]ther than the fact of a prior

111-220, 124 Stat 2372 (changing the amount of cocaine base needed to trigger a life sentence from 50 grams to 280 grams). This unenhanced maximum penalty corresponded with the maximum base offense level under the career offender guideline. 21 U.S.C. § 841(b)(1)(A)(iii) (1994); U.S.S.G. § 4B1.1(b). Because Petitioner was already exposed to the maximum offense level by virtue of his offense conduct, the Government's failure to file a § 851 information is irrelevant.

The Court now turns to Petitioner's request for a sentence reduction to reflect the changes in the 2011 Sentencing Guidelines. Under 18 U.S.C. § 3582(c)(2), a district court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" As set forth by both the United States and the Federal Public Defender, however, Petitioner is not eligible for a sentence reduction because the he was sentenced under the career offender guideline and therefore cannot benefit from the amendment to the drug quantity table.

The career offender offense levels apply if they are greater than the offense level otherwise applicable. U.S.S.G. § 4B1.1(b). Petitioner's offense of conviction corresponded with

---

conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Fourth Circuit found *Apprendi* applicable to drug cases and has held that drug quantity must be treated as an element of an aggravated drug trafficking offense under 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B) and not as a mere sentencing factor. *United States v. Promise*, 255 F.3d 150, 152 (4th Cir. 2001) (en banc), *cert. denied*, 535 U.S. 1098 (2002). Since *Apprendi*, then, an indictment that charges an unspecified quantity of drugs subjects a defendant to a maximum sentence of twenty years. *See Promise*, 255 F.3d at 156; 21 U.S.C. § 841(b)(1)(C). For a defendant to be eligible for an enhanced sentence based on drug quantity, the threshold drug quantity triggering a higher sentence must be alleged in the indictment and either proven to a jury beyond a reasonable doubt or admitted in the defendant's guilty plea. *See United States v. Pauley*, 289 F.3d 254, 262 (4th Cir. 2002), *modified on other grounds on reh'g*, 304 F.3d 335 (4th Cir. 2002), *cert. denied*, 537 U.S. 1178 (2003). Though the indictment to which Petitioner pleaded guilty did not specify that he possessed with intent to distribute a particular threshold drug quantity, *Apprendi* had not yet been decided at the time of his conviction and the Government was therefore not required to charge a threshold drug quantity in the indictment in order for Petitioner to be eligible for an aggravated drug trafficking offense. Furthermore, it is the law of the Fourth Circuit that *Apprendi* does not apply retroactively to cases on collateral review. *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001).

§ 2D1.1(a)(4), which established a base offense level 32. At the time of sentencing, the statutory maximum penalty of life imprisonment corresponded with a career offender base offense level 37—higher than § 2D1.1's offense level. Because the career offender guideline yielded a higher base offense level, Petitioner was sentenced without regard to § 2D1.1's drug table. The amendments to the drug table thus have no effect on the career offender guideline nor on Petitioner's sentence, and the Court **FINDS** that Petitioner is ineligible for a sentence reduction.

### V. MOTION REQUESTING APPOINTMENT OF COUNSEL

Approximately one year after filing the pending motions and letter discussed in Sections II through IV, *supra*, Petitioner filed a motion requesting that the Court appoint counsel to represent him for the purpose of pursuing a petition for post-conviction relief pursuant to 28 U.S.C. § 2255. While Petitioner has no constitutional right to counsel in non-capital post-conviction proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), the Court has the discretion to appoint counsel as called for in "the interests of justice." 18 U.S.C. § 3006A(a)(2)(B). Petitioner has yet to seek pre-filing authorization for this successive § 2255 motion, and the Court is unconvinced that the appointment of counsel is necessary at this stage. Accordingly, the motion [Docket 157] is **DENIED**.

### VI. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections [Dockets 152, 153], **DENIES** Petitioner's Motion for Reduction of Sentence Pursuant to 28 U.S.C. § 2241 [Docket 136], **DENIES** Petitioner's Writ of Audita Querela [Docket 148], **ADOPTS** the PF&Rs [Dockets 144, 151], and **DISMISSES** the above-styled civil actions from the Court's docket.

Further, the Court **DENIES** the relief sought in Petitioner's November 23, 2011 letter [Docket 142], and **DENIES** Petitioner's Motion Requesting Appointment of Counsel [Docket 157].

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to Rule 11(a), Petitioner may not appeal the District Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 27, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE